

FILED

99 FEB 10 PM 4: 16

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NITROX TECHNOLOGIES, INC., a corporation,

        Plaintiff,

v.

UNDERSEA BREATHING SYSTEMS, INC., a corporation, and
WILLIAM H. DELP, II, an individual,

        Defendants.

Civil Action No.

99-317-CIV-T-25F

### COMPLAINT FOR DECLARATORY JUDGMENT, UNFAIR COMPETITION, AND FALSE MARKING, WITH INJUNCTIVE RELIEF SOUGHT

Comes now the Plaintiff Nitrox Technologies, Inc. ("NTI"), and for its complaint against Defendants Undersea Breathing Systems, Inc. ("UBS"), and William H. Delp, II ("Delp," collectively with UBS, the "Defendants") states:

### THE PARTIES

1. Upon information and belief, UBS is a Nevada corporation having its principal offices in the State of Florida.

2. Delp is an individual and resident of the State of Florida.

3. Plaintiff NTI is a corporation in the State of California having its principal place of business in Santa Rosa, California.

TPA#1538431.02

4. This is an action by Plaintiff against the Defendants for a declaratory judgment, unfair competition and false marking. The amount in controversy exceeds the value of $50,000. This Court has jurisdiction over the subject matter and the parties under 28 U.S.C. §§ 1331, 1332, 1337(a) and 1338(a). Venue lies in this judicial district and division under 28 U.S.C. § 1391(b).

## BACKGROUND

5. NTI and Defendants are competitors in the business of manufacturing apparatus for generating oxygen-enriched air for underwater diving, also known as nitrox.

6. Since at least as early as 1996, Defendants undertaken a course of conduct designed to commercially damage and attempt to destroy NTI, to NTI's detriment.

7. On August 26 and August 27, 1995, Defendants published a brochure advertising a device, claiming that a nitrox-generating device was patented.

8. At that time, UBS did not have a patent, nor had it applied for a patent with respect to said nitrox-generating device.

9. On or about August 26 and August 27, 1995, UBS published a flyer for an open house relating to said nitrox-generating device, which flyer stated that UBS had "developed and patented" the device.

10. In fact, UBS had not then obtained a patent for said nitrox-generating device, nor had UBS applied for a patent with respect to said nitrox-generating device.

11. As a result of UBS's conduct, UBS was fined by the United States District Court for the Northern District of Illinois for deceiving and leading the public to conclude that the system had been patented, pursuant to 35 U.S.C. § 292.

12. On information and belief, thereafter Defendants falsely represented to third parties that NTI infringed U.S. Patent No. 5,611,845 ("the '845 patent") which was issued on March 18, 1997, to Delp, as the inventor, and assigned to UBS.

13. The United States District Court for the Northern District of Illinois thereafter expressly held that said patent was not infringed by NTI, either literally or under the doctrine of equivalents.

14. For the same reasons that NTI's accused device did not infringe the '845 patent, nitrox-generating devices sold by UBS were not covered by the '845 patent.

15. Notwithstanding the fact that the UBS's devices were not covered by the '845 patent, UBS continued to mark upon, affix to and use in advertising in connection with UBS's device, the word "patent" and the number 5,611,845 of the '845 patent for the purpose of deceiving the public.

16. UBS continued to falsely represent to the public that UBS was the inventor of a patented DNAx membrane system in representations to the public in advertising and at its internet web site.

17. The Northern District of Illinois further held that the claims directed to a nitrox-generating device that read upon the functional combination of a pressure regulator and heater, such as NTI's accused device, would be invalid for "ensnare[ing] the prior art." The District Court expressly stated that "it is clear that the combination of a pressure regulator and a heater or heat exchanger" would be an improper extension of the scope of the claims of the '845 patent.

3

TPA#1538431.02

18. Notwithstanding this judicial adjudication that broadening the scope of the claims of the '845 patent to reach NTI's accused devices would render the claim invalid, on information and belief, Defendants continue to publish statements alleging that devices such as NTI's accused devices would infringe Defendants' patent rights.

19. Defendants have subsequently filed further pretextual lawsuits against NTI in cases before this Court, including Case No. 98-2518-CIV-T-24A, with respect to U.S. Patent No. 5,846,291 ("the '291 Action"), knowing that NTI did not infringe said patent, and on information and belief has published to the public false and misleading statements that NTI's devices infringe said patent.

20. On information and belief, Defendants published false allegations and representations related to allegations made in the '291 Action to third parties, to the detriment of NTI.

21. In a letter dated February 3, 1999 (the "Letter"), from the attorney for Defendants located in this judicial District, to counsel for NTI, UBS asserted two more recently issued United States patents, and stated that UBS intended to assert said patents against NTI. This Letter is attached as Exhibit A.

22. The Letter was directed to C. Douglas McDonald, counsel for NTI and who is located in this judicial District.

23. The Letter expressly stated an intention that U.S. Patent No. 5,858,064, issued January 12, 1999, and U.S. Patent No. 5,865,877, issued on February 2, 1999 (the "Asserted Patents"), would be asserted against NTI in the near future.

4

24.  The Letter thereby created a reasonable apprehension that Defendants would soon assert said patents against NTI, and raised justiciable controversies concerning noninfringement, invalidity, misuse of and enforceability of the Asserted Patents.

### COUNT I AGAINST UBS FOR DECLARATION OF NONINFRINGEMENT AND INVALIDITY OR UNENFORCEABILITY OF THE ASSERTED PATENTS

Plaintiff incorporates the allegations set forth by paragraphs 1 through 24 as if fully set forth herein.

25.  Upon information and belief, other parties known to Defendants have used, since as early as 1993, apparatus for generating oxygen-enriched air incorporating the structure recited in the claims of the Asserted Patents.

26.  On information and belief, the patentee, Delp, assignor to Defendant UBS, was aware from prior to the date of the application leading to the Asserted Patents that the patentee did not himself invent the subject matter sought to be patented.

27.  Defendants have repeatedly instituted infringement suits, including the '291 Action, in bad faith with information available to Defendants establishing that NTI does not infringe, thereby constituting patent misuse.

28.  Defendants' false representations of patent ownership and the scope of the claims of said patents constitute patent misuse.

29.  The Asserted Patents were not duly and legally issued.

30.  The Asserted Patents are invalid and/or unenforceable due to breach by applicant and Defendants of their duties under 37 C.F.R. § 1.56(a) to disclose to the

Patent and Trademark Office in the course of the examination of the applications leading to this patent and to a parent application and to a parent patent, prior art known to applicant and Defendants UBS, as alleged assignee, to be material to the patentability of the invention claimed in the Asserted Patents.

31. The Asserted Patents are invalid and/or unenforceable due to breach by applicant and Defendants of their duties under 37 C.F.R. § 1.56(a) to disclose to the Patent and Trademark Office in the course of examination of the applications leading to these patents and to a parent patent, U.S. 5,611,845, prior art known to Delp, as applicant, and UBS, as alleged assignee, to be material to the patentability of the invention claimed in the Asserted Patents, said information including, without limitation, apparatus known and operated by founders and shareholders of UBS and in operation prior to 1994.

32. The Asserted Patents are invalid, unenforceable, or void for failure to comply with the statutory requirements of 35 U.S.C. §§ 102, 103 and 112, among others, and the specific grounds of invalidity and noninfringement, which are not presently fully known to NTI, but will be disclosed by amendment or otherwise when more fully known, in accordance with 35 U.S.C. § 282, and include, on information and belief, the following, *inter alia:*

(a) The inventions as set forth in the claims of the Asserted Patents were known and used by others in this country more than one year before the invention thereof by Delp, the person named as inventor on the Asserted Patents, and said inventions were both described in a printed publication in this country and in public use

6

and on sale in this country more than one year prior to the date of the applications upon which the Asserted Patents are based.

(b) Delp, the inventor listed on the Asserted Patents, did not himself invent the subject matter sought to be patented therein.

(c) Before Delp's alleged invention of the subject matter claimed in the Asserted Patents, the invention was made in this country by another person or persons who had not abandoned, suppressed, or concealed that invention.

(d) The differences between the subject matter of the claims of the Asserted Patents and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains, whereby the claims of the Asserted Patents are unpatentable under 35 U.S.C. § 103.

(e) Defendants have failed to include in the Asserted Patents written descriptions of the inventions sufficient to enable a person skilled in the art to which they pertain to make and use the claimed invention, and have failed to disclose the best modes contemplated by the inventor of carrying out his inventions, in violation of 35 U.S.C. § 112.

(f) The claims forming a part of the Asserted Patents are indefinite and fail to particularly point out and distinctly claim the subject matter of the inventions, in violation of 35 U.S.C. § 112.

33. Defendants have so misused the Asserted Patents as to render the patents unenforceable and to render this case exceptional within the meaning of 35 U.S.C. § 285, through a course of action including, without limitation:

(a) knowingly withholding from the United States Patent and Trademark Office during the examination of the applications leading to the Asserted Patents information known to Defendants regarding apparatus in public use more than one year prior to the priority filing date of said applications, which apparatus was material to the examination of said patent applications; and

(b) bringing this and a previous civil action without performing an investigation that would have shown the absence of infringement by NTI the Asserted Patents and of a parent patent to the Asserted Patents.

34. For the reasons set forth, the Asserted Patents are invalid, unforceable, or both.

35. For the reasons set forth above, one or more claims of the Asserted Patents are not infringed.

### COUNT II AGAINST UBS AND DELP FOR UNFAIR COMPETITION BY MAKING FALSE DESCRIPTIONS AND REPRESENTATIONS

Plaintiff incorporates the allegations set forth by paragraphs 1 through 35 as if fully set forth herein.

36. Count II is brought pursuant to 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act) and the Common Law of the State of Florida for unfair competition by

8

TPA#1538431.02

making false and misleading descriptions of fact and false and misleading representations of fact.

37. On information and belief, at all times relevant Delp was President, Director and a principal shareholder of UBS and was the person who controlled UBS's decisions to advertise its products, make descriptions and representations with respect to its products, its decisions to sue and to commence and continue the prosecution of said lawsuits.

38. Defendants' conduct constitutes the statement and use of false and misleading descriptions of fact, as well as representations of fact made in interstate commerce in connection with its goods and services in commercial advertising or promotion, misrepresenting the nature and qualities of the Defendants' goods and commercial activities as well as the Plaintiff's goods and commercial activities, and Plaintiff has been and is likely to continue to be damaged by these acts.

39. Defendants' false representations and statements include statements falsely suggesting that products manufactured, sold and offered for sale by UBS were covered by patents, when in fact they were not.

40. Defendants' false representations and statements include assertions that devices manufactured by NTI were covered by patents owned by the Defendants, when in fact they were not.

## COUNT III AGAINST UBS AND DELP
## FOR FALSE REPRESENTATIONS
## IN VIOLATION OF 35 U.S.C. § 292

Plaintiff incorporates the allegations set forth by paragraphs 1 through 40 as if fully set forth herein.

41.     Count III is brought pursuant to 35 U.S.C. § 292 for false marking for the purpose of deceiving the public.

42.     Defendants have marked upon, affixed to and used in advertising in connection with unpatented articles, the word "patent" and numbers and words importing that the same is patented, for the purpose of deceiving the public and will continue to do so unless enjoined by this Court.

## DEMAND AND PRAYER
## FOR JUDGMENT

**WHEREFORE**, Plaintiff NTI respectfully demands and prays that this Court enter an Order:

(a)     Declaring that the accused apparatus of NTI does not infringe one or more of the claims of the Asserted Patents;

(b)     Declaring that the Asserted Patents are unenforceable for inequitable conduct and patent misuse by Defendant UBS and its employees and agents;

(c)     Declaring that the Asserted Patents are invalid under either the provisions of one or more of 35 U.S.C. § 102, 35 U.S.C. § 103, or 35 U.S.C. § 112;

(d)     Enjoining Defendants from asserting the Asserted Patents, or any divisional, continuation or continuation-in-part patent related to or claiming priority

10

fromU.S. patent 5,611,845 against NTI, its customers or any parties acting in concert therewith;

 (e) Finding that this case is exceptional within the meaning of 35 U.S.C. § 285 and awarding NTI its reasonable attorneys' fees;

 (f) Awarding NTI its costs in this action;

 (g) Awarding NTI prejudgment interest in this action;

 (h) Awarding NTI such other and further relief as the Court may deem just and proper under the circumstances;

 (i) Fining Defendants not more than Five Hundred Dollars ($500.00) for each offense pursuant to 35 U.S.C. § 292 and award to NTI one-half (½) of the proceeds of said fine and the other one-half (½) to the use of the United States, pursuant to the provisions of 35 U.S.C. § 292.

_C. Douglas McDonald Jr._
C. Douglas McDonald, Jr.
Florida Bar Number 296538
Andrew C. Greenberg
Florida Bar Number 996726
CARLTON, FIELDS, WARD, EMMANUEL,
 SMITH & CUTLER, P.A.
One Harbour Place
Post Office Box 3239
Tampa, Florida 33601
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
Attorneys for Defendant Nitrox
 Technologies, Inc.

# ALLEN, DYER, DOPPELT
# MILBRATH & GILCHRIST, P.A.

ATTORNEYS AT LAW

HERBERT L. ALLEN
ROBERT DYER
AVA K. DOPPELT
STEPHEN D. MILBRATH
BRIAN R. GILCHRIST
CHRISTOPHER F. REGAN
JEFFREY S. WHITTLE
DAVID L. SIGALOW
RICHARD K. WARTHER
MICHAEL W. TAYLOR
ENRIQUE G. ESTÉVEZ, PH.D.

CARL M. NAPOLITANO, PH.D.*
JACQUELINE E. HARTT, PH.D.*

*REGISTERED PATENT AGENT

1401 CITRUS CENTER
255 SOUTH ORANGE AVENUE
POST OFFICE BOX 3791
ORLANDO, FLORIDA 32802-3791

TELEPHONE 407-841-2330
FAX 407-841-2343

*Intellectual Property:*
*Patents, Trademarks & Copyrights*

*Securities Arbitration*
*& Litigation*

*Antitrust & Trade Regulation*

*Business Litigation*

INTERNET: www.patentamerica.com
GENERAL E-MAIL: info@addmg.com

February 3, 1999

**Via Facsimile 813/229-4133**
**With Confirmation**

CONFIRMATION

C. Douglas McDonald, Esquire
Carlton Fields
P.O. Box 3239
Tampa, Florida 33601-3239

Re: U.S. Patents 5,858,064 and 5,865,877
    Our File No. 21013

Dear Doug:

This is just a note to apprise you of the issuance of U.S. Patent 5,858,064 on January 12, 1999 and the issuance of U.S. Patent 5,865,877 on February 2, 1999. Copies of both patents accompany this facsimile.

I did want to bring these patents to your attention and advise you that we intend to amend the complaint and add these patents in the near future, especially in view of the position which your client has taken in its opposition to the motion for a preliminary injunction.

Yours very truly,

Herbert L. Allen

HLA/kp
Enclosures
cc: Mr. William Delp, II (via fax)
BRG\Undersea\1-muller\letters\McDonald.Ltr2

**EXHIBIT**

**A**