FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION           99 MAR 19 PM 2:17

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

NITROX TECHNOLOGIES, INC.,
a corporation,

        CASE NO. 99-317-CIV-T-25F

    Plaintiff,

v.

UNDERSEA BREATHING SYSTEMS,
INC., a corporation, and
WILLIAM H. DELP, II, an
individual,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT UNDERSEA BREATHING SYSTEMS, INC.; DEMAND FOR JURY TRIAL

Responding to the complaint of Plaintiff Nitrox Technologies, Inc. ("NTI"), Defendant Undersea Breathing Systems, Inc. ("UBS") states:

1. UBS admits that it is a Nevada corporation and that its principal offices are located in Lake Worth, Florida.

2. UBS admits that Defendant William H. Delp, II is an individual who resides in Palm Beach County, State of Florida.

3. UBS is without knowledge as to the allegations of ¶3 and therefore denies same.

4. UBS admits that Count I is an action brought by NTI only against UBS (as indicated in the title of Count I) for alleged non-infringement and alleged invalidity of United States Patents 5,858,064 and 5,865,877. UBS further admits Counts II and III assert claims of unfair competition and false marking against both UBS and Delp. UBS admits that the amount in controversy with respect to Count I exceeds the value of $50,000.00, but denies that there is an amount in controversy having any value with respect to Count II and III. Venue and jurisdiction are admitted by UBS.

5. UBS admits that NTI and UBS are competitors in the business of manufacturing apparatus for generating oxygen-enriched air for underwater diving (also known as nitrox), but denies that Delp personally competes in this business.

6. UBS denies each and every allegation of ¶6.

7. UBS denies each and every allegation of ¶7.

8. The allegations of ¶8 with respect to the term "at that time" are so vague and ambiguous as to prevent a clear answer to the allegations of ¶8 (for example, does "at that time" refer to the date in ¶6, or the dates in ¶7?). UBS denies each and every allegation of ¶8.

9. UBS denies each and every allegation of ¶9.

10. The term "had not then" is so vague and ambiguous as to preclude a clear answer to the allegations of ¶10. Defendant denies each and every allegation of ¶10.

11. UBS admits that a modest penalty under 35 U.S.C. §292 was imposed by the United States District Court for the Northern District of Illinois; UBS denies each and every remaining allegation of ¶11.

12. UBS denies each and every allegation of ¶12.

13. UBS acknowledges that the United States District Court for the Northern District of Illinois held that United States Patent 5,611,845 was valid in view of numerous prior art challenges made by NTI, and that the `845 patent was not infringed by the particular equipment then being sold by NTI. UBS denies each and every remaining express or implicit allegation of ¶13.

14. UBS denies each and every allegation of ¶14.

15. UBS denies each and every allegation of ¶15.

16. UBS denies each and every allegation of ¶16.

17. UBS asserts that the opinion of the United States District Court for the Northern District of Illinois speaks for itself, and UBS makes no attempt to determine the accuracy of the

quotations which NTI purportedly makes in ¶17. All of the remaining allegations of ¶17.

18. UBS denies each and every allegation of ¶18.

19. UBS denies each and every allegation of ¶19.

20. UBS denies each and every allegation of ¶20.

21. UBS acknowledges that, in the face of criticisms from NTI's counsel about notice of issued patents, UBS's counsel wrote the letter of February 3, 1999, appended as Exhibit A to NTI's complaint. To the extent not admitted, UBS denies each and every remaining allegation of ¶21.

22. UBS admits that the letter of February 3, 1999 from its counsel, Exhibit A, was addressed to C. Douglas McDonald, Esquire, counsel for NTI.

23. UBS acknowledges that the letter of its counsel dated February 3, 1999, Exhibit A, speaks for itself as to what is stated therein. In all other respects, the allegations of ¶23 are denied.

24. UBS denies that the letter of February 3, 1999, Exhibit A, creates any basis for a reasonable apprehension that justifies the filing of a lawsuit separate from previously filed Civil Action 98-2518-Civ-T-24A by NTI regarding any non-infringement,

invalidity, misuse and/or enforceability issues. UBS further denies each and every remaining allegation of ¶24.

### COUNT I AGAINST UBS FOR DECLARATION OF NON-INFRINGEMENT AND INVALIDITY OR UNENFORCEABILITY OF THE ASSERTED PATENTS

25. UBS denies each and every allegation of ¶25.

26. UBS denies each and every allegation of ¶26.

27. UBS denies each and every allegation of ¶27.

28. UBS denies each and every allegation of ¶28.

29. UBS denies each and every allegation of ¶29.

30. UBS denies each and every allegation of ¶30.

31. UBS denies each and every allegation of ¶31.

32. UBS denies each and every allegation of ¶32, including each specific allegation set out as subparagraphs (a)-(f), inclusive.

33. UBS denies each and every allegation of ¶33, including each specific allegation in subparagraphs (a) and (b).

nti-ubs\002.Ans

34. UBS denies each and every allegation of ¶34.

35. UBS denies each and every allegation of ¶35.

### COUNT II AGAINST UBS AND DELP FOR UNFAIR COMPETITION BY MAKING FALSE DESCRIPTIONS AND REPRESENTATIONS

36. UBS acknowledges that Count II purports to be brought under 15 U.S.C. §1125(a) and the common law of the State of Florida for unfair competition, but denies that any cause of action lies with respect to either basis.

37. Answering ¶37, UBS admits that Mr. Delp is the President, a Director and a principal shareholder of UBS and is one of the persons who presently controls UBS's decisions to advertise its products, make descriptions and representations with respect to its products, its decisions to sue and commence and continue the prosecution of any lawsuit. UBS denies that Mr. Delp is the only person who has participated in those decisions, and further specifically denies each and every remaining allegation of ¶37, particularly in view of the indefiniteness of the phrase "at all times relevant...".

38. UBS denies each and every allegation of ¶38.

39. UBS denies each and every allegation of ¶39.

40. UBS denies each and every allegation of ¶40.

## COUNT III AGAINST UBS AND DELP FOR FALSE REPRESENTATIONS IN VIOLATION OF 35 U.S.C. §292

41. UBS acknowledges that Count III purports to be brought pursuant to 35 U.S.C. §292, but denies that any cause of action arises thereunder or that any cause of action so arising is not barred by the doctrine of collateral estoppel or *res judicata*.

42. UBS denies each and every allegation of ¶42.

43. UBS further denies that NTI is entitled to any of the relief sought in its "Demand and Prayer for Judgment" following ¶42 of its complaint.

## AFFIRMATIVE DEFENSES

44. As a first affirmative defense, UBS asserts that NTI's claims in Counts I, II or III are barred by the doctrine of *res judicata*.

45. As a second affirmative defense, UBS asserts that NTI's claims in Counts I, II or III are barred by the doctrine of collateral estoppel.

46. As a third affirmative defense, UBS asserts that NTI's claims in Counts I, II or III are barred by the doctrine of laches.

47. As a fourth affirmative defense, UBS asserts that NTI's Count II fails to state a claim upon which relief may be granted.

### DEMAND FOR JURY TRIAL

UBS demands a trial by jury for all issues triable to a jury.

Respectfully submitted,

Herbert L. Allen
Florida Bar No. 114126
Brian R. Gilchrist
Florida Bar No. 774065
Allen, Dyer, Doppelt, Milbrath
 & Gilchrist
255 S. Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida 32802
407/841-2330 - Telephone
407/841-2343 - Facsimile
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT UNDERSEA BREATHING SYSTEMS, INC.; DEMAND FOR JURY TRIAL** has been forwarded by First Class Mail to: **C. Douglas McDonald, Jr.**, Esq., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., One Harbour Place, P.O. Box 3239, Tampa, FL 33602-5701 on this 17th day of March, 1999.

cc: Mr. William Delp, II