FILED

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

99 MAR 19 PM 2: 17

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

NITROX TECHNOLOGIES, INC.,
a corporation,

       Plaintiff,

v.

CASE NO. 99-317-CIV-T-25F

UNDERSEA BREATHING SYSTEMS,
INC., a corporation, and
WILLIAM H. DELP, II, an
individual,

       Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WILLIAM H. DELP, II; DEMAND FOR JURY TRIAL

Responsive to the complaint of Plaintiff Nitrox Technologies, Inc. ("NTI"), Defendant William H. Delp, II ("Delp") states:

1. Delp admits that UBS is a Nevada corporation and that its principal offices are located in Lake Worth, Florida.

2. Delp admits that he is an individual who resides in Palm Beach County, State of Florida.

3. Delp is without knowledge as to the allegations of ¶3 and therefore denies same.



4. Delp admits that Count I is an action brought by NTI only against UBS (as indicated in the title of Count I) for alleged non-infringement and alleged invalidity of United States Patents 5,858,064 and 5,865,877. Delp further admits Counts II and III assert claims of unfair competition and false marking against both UBS and Delp. Delp admits that the amount in controversy with respect to Count I exceeds the value of $50,000.00, but denies that there is an amount in controversy having any value with respect to Count II and III. Venue and jurisdiction are denied by Delp.

5. Delp admits that NTI and UBS are competitors in the business of manufacturing apparatus for generating oxygen-enriched air for underwater diving (also known as nitrox), but denies that he personally competes in this business.

6. Delp denies each and every allegation of ¶6.

7. Delp denies each and every allegation of ¶7.

8. The allegations of ¶8 with respect to the term "at that time" are so vague and ambiguous as to prevent a clear answer to the allegations of ¶8 (for example, does "at that time" refer to the date in ¶6, or the dates in ¶7?). Delp denies each and every allegation of ¶8.

9. Delp denies each and every allegation of ¶9.

nti-ubs\003.Ans

10. The term "had not then" is so vague and ambiguous as to preclude a clear answer to the allegations of ¶10. Defendant denies each and every allegation of ¶10.

11. Delp admits that a modest penalty under 35 U.S.C. §292 was imposed by the United States District Court for the Northern District of Illinois; Delp denies each and every remaining allegation of ¶11.

12. Delp denies each and every allegation of ¶12.

13. Delp acknowledges that the United States District Court for the Northern District of Illinois held that United States Patent 5,611,845 was valid in view of numerous prior art challenges made by NTI, and that the `845 patent was not infringed by the particular equipment then being sold by NTI. Delp denies each and every remaining express or implicit allegation of ¶13.

14. Delp denies each and every allegation of ¶14.

15. Delp denies each and every allegation of ¶15.

16. Delp denies each and every allegation of ¶16.

17. Delp asserts that the opinion of the United States District Court for the Northern District of Illinois speaks for itself, and Delp makes no attempt to determine the accuracy of the

quotations which NTI purportedly makes in ¶17. All of the remaining allegations of ¶17.

18. Delp denies each and every allegation of ¶18.

19. Delp denies each and every allegation of ¶19.

20. Delp denies each and every allegation of ¶20.

21. Delp acknowledges that, in the face of criticisms from NTI's counsel about notice of issued patents, Delp's counsel wrote the letter of February 3, 1999, appended as Exhibit A to NTI's complaint. To the extent not admitted, Delp denies each and every remaining allegation of ¶21.

22. Delp admits that the letter of February 3, 1999 from counsel for UBS, Exhibit A, was addressed to C. Douglas McDonald, Esquire, counsel for NTI.

23. Delp acknowledges that the letter of its counsel dated February 3, 1999, Exhibit A, speaks for itself as to what is stated therein. In all other respects, the allegations of ¶23 are denied.

24. Delp denies that the letter of February 3, 1999, Exhibit A, creates any basis for a reasonable apprehension that justifies the filing of a lawsuit separate from previously filed Civil Action 98-2518-Civ-T-24A by NTI regarding any non-infringement,

invalidity, misuse and/or enforceability issues. Delp further denies each and every remaining allegation of ¶24.

### COUNT I AGAINST UBS FOR DECLARATION OF NON-INFRINGEMENT AND INVALIDITY OR UNENFORCEABILITY OF THE ASSERTED PATENTS

25. Delp denies each and every allegation of ¶25.

26. Delp denies each and every allegation of ¶26.

27. Delp denies each and every allegation of ¶27.

28. Delp denies each and every allegation of ¶28.

29. Delp denies each and every allegation of ¶29.

30. Delp denies each and every allegation of ¶30.

31. Delp denies each and every allegation of ¶31.

32. Delp denies each and every allegation of ¶32, including each specific allegation set out as subparagraphs (a)-(f), inclusive.

33. Delp denies each and every allegation of ¶33, including each specific allegation in subparagraphs (a) and (b).

34.  Delp denies each and every allegation of ¶34.

35.  Delp denies each and every allegation of ¶35.

### COUNT II AGAINST UBS AND DELP FOR UNFAIR COMPETITION BY MAKING FALSE DESCRIPTIONS AND REPRESENTATIONS

36.  Delp acknowledges that Count II purports to be brought under 15 U.S.C. §1125(a) and the common law of the State of Florida for unfair competition, but denies that any cause of action lies with respect to either basis.

37.  Answering ¶37, Delp admits that he is the President, a Director and a principal shareholder of UBS and is one of the persons who presently controls UBS's decisions to advertise its products, make descriptions and representations with respect to its products, its decisions to sue and commence and continue the prosecution of any lawsuit. Delp denies that he is the only person who has participated in these decisions, and further specifically denies each and every remaining allegation of ¶37, particularly in view of the indefiniteness of the phrase "at all times relevant...".

38.  Delp denies each and every allegation of ¶38.

39.  Delp denies each and every allegation of ¶39.

40.  Delp denies each and every allegation of ¶40.

## COUNT III AGAINST UBS AND DELP FOR FALSE REPRESENTATIONS IN VIOLATION OF 35 U.S.C. §292

41. Delp acknowledges that Count III purports to be brought pursuant to 35 U.S.C. §292, but denies that any cause of action arises thereunder or that any cause of action so arising is not barred by the doctrine of collateral estoppel or *res judicata*.

42. Delp denies each and every allegation of ¶42.

43. Delp further denies that NTI is entitled to any of the relief sought in its "Demand and Prayer for Judgment" following ¶42 of its complaint.

## AFFIRMATIVE DEFENSES

44. As a first affirmative defense, Delp asserts that NTI's claims in Counts I, II or III are barred by the doctrine of *res judicata*.

45. As a second affirmative defense, Delp asserts that NTI's claims in Counts I, II or III are barred by the doctrine of collateral estoppel.

46. As a third affirmative defense, Delp asserts that NTI's claims in Counts I, II or III are barred by the doctrine of laches.

nti-ubs\003.Ans

47. As a fourth affirmative defense, Delp asserts that NTI's Count II fails to state a claim upon which relief may be granted.

### DEMAND FOR JURY TRIAL

Delp demands a trial by jury for all issues triable to a jury.

Respectfully submitted,

Herbert L. Allen
Florida Bar No. 114126
Brian R. Gilchrist
Florida Bar No. 774065
Allen, Dyer, Doppelt, Milbrath
 & Gilchrist
255 S. Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida 32802
407/841-2330 - Telephone
407/841-2343 - Facsimile
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WILLIAM H. DELP, II; DEMAND FOR JURY TRIAL** has been forwarded by First Class Mail to: **C. Douglas McDonald, Jr.**, Esq., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., One Harbour Place, P.O. Box 3239, Tampa, FL 33602-5701 on this _17_th day of March, 1999.

cc: Mr. William Delp, II